**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Civil Action No. 9:22-cv-80120-RAR

===============================================
**RESTLESS MEDIA GMBH,**                              :
                                                      :
          **Plaintiff,**                          :
                                                      :
    v.                                           :
                                                      :
**THOMAS E. "TED" JOHNSON, MILESTONE**               :
**MOTORCARS SALES LLC, MILESTONE**                   :
**MOTORCARS LLC, RICHARD COLE, RICK COLE**           :
**AUCTIONS, INC., DONALD E. WILLIAMS,**              :
**THE BLACKHAWK COLLECTION, AND**                    :
**DOES 1-100 inclusive,**                            :
                                                      :
          **Defendants.**                         :
===============================================

## MOTION TO DISMISS

Defendants Thomas E. Johnson, Milestone Motorcars Sales LLC and Milestone Motorcars LLC (collectively, the "Milestone Defendants") and Defendants Richard Cole and Rick Cole Auctions, Inc. (collectively, the "Cole Defendants"), by and through their undersigned attorneys and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and S.D. Fla. Local Rule 7.1, hereby move to dismiss the Complaint [D.E. 1] because Plaintiff Restless Media GMBH ("Restless Media") lacks standing to bring these legal claims as the purported assignee of the real party in interest Bradley Birkenfeld ("Birkenfeld") and because certain other causes of action are incapable of being assigned by Birkenfeld. In support of this Motion, the Milestone and Cole Defendants state as follows.

1

## INTRODUCTION

This case involves a 1935 Bugatti Type 57 automobile (the "Bugatti") owned personally by Bradley Birkenfeld ("Birkenfeld"), an individual residing in Malta. Birkenfeld desired to own a Ferrari Daytona. Birkenfeld executed a consignment agreement with Defendant Milestone Motorcars Sales LLC ("Milestone Sales") to effectuate a swap, wherein Milestone Sales would sell the Bugatti and acquire a 1973 Ferrari Daytona comparable in value to the Bugatti (the "Ferrari"). Milestone Sales and Defendant Milestone Motorcars LLC ("Milestone") were able to locate and procure the Ferrari from Defendant Rick Cole Auctions, Inc. for Birkenfeld. Milestone and Milestone Sales facilitated the sale of the Bugatti to Defendant Black Hawk Collection, Inc. ("Black Hawk") with Birkenfeld's knowledge and consent.

On November 22, 2021, Attorney Gregory A. Fayer sent a letter to the Milestone Defendants on behalf of his client Birkenfeld asserting the same claims that are the subject of this action. (See letter attached as Exhibit "A"). The letter makes no mention of plaintiff Restless Media GMBH, a German company apparently owned by Birkenfeld.

According to the Complaint, one month later, "[o]n December 28, 2021, for valid consideration, Mr. Birkenfeld transferred and assigned all of his rights and interests in the Bugatti and the Ferrari . . . ., including any and all legal claims relating thereto, to Plaintiff." (See Complaint, at paragraphs 17, 102, and 108). The assignment was not attached to the Complaint nor were any other details regarding the assignment alleged. Restless Media then filed this lawsuit on January 24, 2022 against the Milestone Defendants, the Cole Defendants and Black Hawk and Don Williams (collectively, the Black Hawk Defendants) based on Birkenfeld's mistaken belief that the Bugatti was subsequently sold by Black Hawk to a third party for $1.5

million as part of a conspiracy to steal Birkenfeld's money. The evidence will show that Birkenfeld's conspiracy theory and the other claims alleged in the Complaint have no basis in fact.

## LEGAL STANDARD

A.     Motion to Dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a case when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A defendant may move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either a facial or factual attack. *Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1365 (S.D. Fla. 2017)(citing *McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. (quotations and citations omitted). By contrast, a factual attack challenges the existence of subject matter jurisdiction irrespective of the pleadings and uses extrinsic evidence, such as affidavits or testimony. *Id*. The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim. *Id*. (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Streib v. United States*, 2013 U.S. Dist. LEXIS 113377, 2013 WL 4401036, at *2 (S.D. Fla. Aug. 12, 2013) ."[N]o presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. In short, "when a party mounts a factual attack, a district court is free

to independently weigh facts, and may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Int'l Broth. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1343 (S.D. Fla. 2013) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). Once a federal court determines that it is without subject matter jurisdiction, "the court is powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

      B.      <u>Motion to Dismiss under Rule 12(b)(6).</u>

Except as noted above, a district reviewing a motion to dismiss must accept plaintiffs' allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). When a complaint fails "to state a claim upon which relief can be granted," it should be dismissed. Fed. R. Civ. P. 12(b)(6). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth." *Pincus v. Am. Traffic Sols.,* No. 18-cv-80864-MIDDLEBROOKS, 2019 U.S. Dist. LEXIS 232266 at *4-5 (S.D. Fla. Jan. 11, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Plaintiff's "obligation to provide the 'grounds' of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "Factual allegations must be enough to raise plaintiffs' right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## **MEMORANDUM OF LAW**

## **ARGUMENT**

**A.     The Complaint Must Be Dismissed Pursuant to Rule 12(b)(1) Because Plaintiff Lacks Standing**

The Complaint concedes as it must that Plaintiff Restless Media was neither the owner of the Bugatti at the time the car was sold nor the purchaser of the Ferrari when the swap was complete.  Rather the Bugatti was owned by Birkenfeld and all the allegations which give rise to the causes of action in the Complaint concern dealings between Birkenfeld and his agents and some or all of the Milestone Defendants, Cole Defendants and Black Hawk Defendants.   None of these defendants had any agreements with the Plaintiff entity.   Because Plaintiff Restless Media lacks standing to bring these claims, they must be dismissed because the Court lacks subject matter jurisdiction.

The standing doctrine, which defines whether a litigant is entitled to have a federal court decide the merits of the dispute he has raised. is at the heart of a federal court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975).  To show standing, a plaintiff must demonstrate a redressable injury caused by the defendant's actions. *See Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).  Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation.   See *Nedeau v. Gallagher,* 851 So.2d 214, 215 (Fla. 1st DCA 2003). The interest cannot be conjectural or merely hypothetical. *See id*. at 216.  Standing encompasses not only this "sufficient stake" definition, but also the requirement that the claim be brought by or on behalf of one who is recognized in the law as a "real party in interest,' that is the person in

5

whom rests, by substantive law, the claim sought to be enforced. *See.Kumar Corp. v. Nopal Wines Ltd.*, 462 So.2d 1178, 1183 (Fla. 3d DCA) *rev. den*. 476 So.2d 675 (Fla. 1985).  An assignee such as Restless Media "only has standing if [the assignee] was validly assigned the right to sue to vindicate that injury." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-21583-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 84000 (S.D. Fla. May 12, 2020) (quoting *MSPA Claims I, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312. 1318 (11th DCA 2019)); *see also US Fax Law Ctr., Inc. v. iHire, Inc*., 476 F.3d 1112, 1120 (10th Cir. 2007) ("If a valid assignment confers standing, an invalid assignment defeats standing"); *Allstate Ins. Co*., 835 F.3d at 1357-58)).

"'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp*., 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).  "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *McElmurray*, 501 F.3d at 1251.

In this case, as indicated in the letter from Birkenfeld's counsel, Birkenfeld allegedly incurred losses in the excess of $1.5 million.  The Complaint baldly alleges that Birkenfeld, a resident of Malta, assigned his legal claims to Restless Media, a German company, "for valid consideration."  Restless Media is not the entity aggrieved, never did business with the Defendants, and did not suffer actual damages caused by any Defendant.  Because the Milestone Defendants and Cole Defendants have factually challenged Restless Media's standing, Rule 12(b)(1) applies and Restless Media bears the burden of demonstrating subject matter jurisdiction. *See also ee Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524*

*F.3d 1229, 1232 (11th Cir. 2008); Padilla-Mangual v. Pavia Hosp.*, 516 F. 3d 29, 31 (1st Cir. 2008).  Plaintiff's pleading merely alleges the legal conclusion that a valid assignment has occurred without a sufficient factual basis to withstand a 12(b)(1) attack.  For these reasons the Complaint must be dismissed, or at a minimum, the Court must be afforded the opportunity following jurisdictional discovery to evaluate for itself the merits of jurisdictional claims.[1]

### B. Actions Under Florida and Texas Deceptive and Unfair Trade Practices Acts Are Not Subject to Assignment

Even assuming for the purposes of this motion that there was a valid assignment between Birkenfeld and Restless Media, Counts 5 and 6 for violations of the deceptive and unfair trade practices acts in Florida and Texas must be dismissed because these claims are incapable of assignment.

Count 5 is against the Milestone Defendants for an alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). FDUPTA is intended to protect a "consumer" from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. See Florida Statutes, Section 501.202(2); *see also Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So.2d 602, 605-06 (Fla. 2d DCA 1997).  An unfair practice offends established public policy and is 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" *Samuels v. King Motor Company of Ft. Lauderdale*, 782 So.2d 489, 499 (Fla. 4th DCA 2001).

---

[1]  Contemporaneous with this Motion, the Milestone Defendants and the Cole Defendants have filed a motion for jurisdictional discovery.

Civil private causes of action under FDUPTA are exclusive to actions brought by the person who has suffered a loss as a result of a violation of the statute. .See § 501.211(2).

It is well established under Florida law that while contract claims are subject to assignment, personal torts are not. *See Florida Patients Compensation Fund v. St. Paul Fire & Marine Insurance Co.,* 535 So.2d 335 (Fla. 4th DCA 1988); *Notarian v. Plantation AMC Jeep*, 567 So.2d at 1035 (Fla. 4th DCA 1990); *Forgione v. Denise Pirtle Agency. Inc*., 701 So.2d 557, 559 (Fla. 1997). It is also widely recognized that the remedial scope of FDUTPA which encompasses actual damages suffered by a person as a result of a violation of the Act is more similar to a personal injury tort action than an action to enforce contractual or property rights. *See Skyline Rest., Inc. v. Church Mut. Ins. Co*., 20 F.4th 825 (U.S. 4th Cir. 2021)(holding that although an action arising out of contract generally can be assigned, "assignments of personal tort claims [such as UDTPA claims] are void as against public policy"); *Gulf Coast Bank & Tr. Co. v. Mingo Tribal Pres. Tr.,* No. 5:13-CV-113-RLV-DCK, 2016 U.S. Dist. LEXIS 195181 (W.D.N.C. Aug. 25, 2016)(recognizing that personal tort claims that cannot be assigned include claims for defamation, abuse of process, malicious prosecution or conspiracy to injure another's business, unfair trade practices and conspiracy to commit fraud.); *Gilmour v. Blue Cross & Blue Shield of Ala.,* No. 4:19-CV-160, 2020 U.S. Dist. LEXIS 93771 (E.D. Tex. May 29, 2020). Indeed, the Texas Supreme Court has expressly held that claims under the Texas Deceptive Trade Practices Act ("DTPA") are generally not assignable. *PPG Indus., Inc. v. JMB/Houston Ctrs. P'ship,* 146 S.W.3d 79, 92 (Tex. 2004) . The Texas Supreme Court held that assigning DTPA claims would defeat the primary purpose of the statute to encourage individual consumers to bring such claims themselves.

Restless Media was not a "consumer" under either the FDUPTA or DTPA statutes and did not suffer any actual damages as a result of the actions of the Milestone or Cole Defendants. Because Florida and Texas law prohibits the assignment of personal torts such as claims for unfair practices, Counts 5 and 6 must be dismissed for failure to state a cause of action by Plaintiff.

### C.  Actions For Breach of Fiduciary Duty for Personal Services Are Not Subject to Assignment

The Florida Supreme Court in *Wachovia Insurance Services v. Toomey,* 994 So. 2d 980 (Fla. 2008) discussed whether or not a breach of fiduciary duty claim is assignable. If a fiduciary relationship is of a personal nature, then the claim cannot be assigned. Id. at 987. The Court cited *Cowan Liebowitz & Latman, P.C. v. Kaplan*, 902 So. 2d 755 (Fla. 2005), wherein an insurance broker's relationship with a customer was not found to be of a personal nature because the broker could easily be replaced by another broker. That relationship was found not to be of a highly confidential nature. Where, however, a breach of fiduciary duty is personal because it arises out of a highly confidential relationship, then it is non-assignable. In Wachovia, the Court found that "both the duty and the relationship must be examined to determine whether the cause of action is assignable." Id. On the other hand, the relationship between an attorney and client was highly personal and a breach of fiduciary claim could not be assigned. Id. In the instant case, Milestone Motorcars Sales was tasked with the handling of Birkenfeld's Bugatti, and finding him a Daytona Ferrari. This was not akin to locating the right insurance policy. The relationship between Birkenfeld and Milestone Motorcars Sales was a confidential one based on

the specific task at hand: Effectuated the swap of the Bugatti for a Daytona Ferrari. Milestone Motorcars Sales accomplished this task.

### D. Plaintiff's Claims Do Not Satisfy Rule 8(a).

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides: A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff's complaint is a classic example of an impermissible shotgun pleading. *Karhu v. Vital Pharm., Inc.*, No. 13-60768, 2013 WL 4047016, at *3 (S.D. Fla. Aug. 9, 2013) Although a plaintiff may plead claims against multiple defendants by referring to them collectively, the collective allegations are applied to each defendant individually. *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014). In the instant case the Complaint does not spell out the independent conduct of each party which allegedly gave rise to the defendants' liability in this action, but conveniently lumps them all together.

Plaintiff's complaint repeatedly adopts the allegations of all preceding counts, uses conclusory, vague, and immaterial facts, and asserts multiple claims against multiple defendants in the same counts without specifying which of the defendants are responsible for which acts or omissions. Each paragraph of plaintiff's complaints contains multiple sentences related to multiple defendants, making it impossible to decipher who and which entity is alleged to have engaged in which conduct. Johnson, Milestone Motorcars LLC, are lumped in with Milestone Motorcar Sales LLC as the "Milestone Defendants" and Richard Cole and Rick Cole Auctions,

Inc. are lumped together as the "Cole Defendants." To answer each paragraph and each sentence contained in each paragraph, each of the Milestone defendants' and the Cole defendants responses would be different.

In addition, their assertion that Johnson is the alter ego of Milestone Motorcars Sales LLC is not supported by any factual allegations.

E. **Plaintiff Has Failed To Plead its Fraud and FDUTPA Claims With the Requisite Level of Particularity.**

Plaintiff has not alleged his claims for Fraud (Count I) and supposed violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V) with the specificity required by Federal Rule of Civil Procedure 9(b). Federal Rule 9(b) requires a "heightened pleading standard," a plaintiff "alleging fraud or mistake ... must state with particularity the circumstances constituting fraud or mistake." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010) (internal quotations omitted). "[P]ursuant to Rule 9(b), a plaintiff must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Id. (internal quotations omitted). See also, e.g., *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1303 (S.D. Fla. 2009) ("Plaintiffs alleging fraud must plead 'the who, what, when, and where [of the fraud] before access to the discovery process is granted") (internal quotations and italics omitted). In the instant case, Plaintiff does not allege, for instance, what facts it relies on to prove that his Bugatti was sold for $1.5 Million Dollars, or that the Cole defendants were ever

11

involved with the sale of its Bugatti. Plaintiff's complaint is based on a mountain of unsupported speculation.

FDUTPA claims are subject to the federal rules' 'heightened' pleading standard under Rule 9(b)"); *Jovine v. Abbott Labs*., 795 F. Supp. 2d 1331, 1343 n.9 (S.D. Fla. 2011) In the instant case, it is impossible to decipher who did what to violate FDUPTA. Based on the shotgun nature of plaintiff's complaint, there are no allegations differentiating the alleged misrepresentations or omissions each defendant. Plaintiff has not met its burden to plead its Fraud and FDUTPA claims with the particularity Rule 9(b) requires.

## CONCLUSION

For the foregoing reasons, the Milestone and Cole Defendants' Motion to Dismiss should be granted.

Dated: July 1, 2022
    Respectfully submitted,

*Attorneys for Richard Cole,*
*Rick Cole Auctions, Inc., and Thomas E.*
*Johnson, Milestone Motorcars Sales LLC,*
*Milestone Motorcars LLC.*

BY: /s/ George W. Klingsberg
George W. Kramer, Esq., Fla. Bar No. 104214
Debra D. Klingsberg, Esq., Fla Bar No. 767921
Law Offices of Kramer & Klingsberg
16215 Cabernet Drive
Delray Beach, FL 33446
Tel. 561-235-6199
Tel: 561-306-7684
grkramerlaw@gmail.com
dklingsberglaw@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 1st day of July 2022, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.


/s/George W. Kramer
George W. Kramer

**Exhibit "A"**

**FAYER GIPSON LLP**
2029 CENTURY PARK EAST, SUITE 400
LOS ANGELES, CALIFORNIA 90067
TEL: 310.557.3558
DIR: 310.557.9707
FAX: 310.557.3589
WRITER'S DIRECT EMAIL:
GFAYER@FAYERGIPSON.COM

November 22, 2021

**BY EMAIL AND OVERNIGHT MAIL**

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
3300 Southwest 14th Place
Boynton Beach, FL 33426
Tel: 561 509 7251
Tedj77@aol.com

Re:   *Notice of Fraud, Breaches of Fiduciary Duty, Contractual Breaches, FDUTPA and RICO Violations*

Dear Mr. Johnson,

    I write on behalf of my client, Bradley Birkenfeld. It has come to our attention that you and your company, Milestone Motorcars LLC, are engaged in serious and ongoing fraud, breaches of fiduciary duty, contractual violations and violations of the Florida Deceptive and Unfair Trade Practices Act, § 501.201 *et. seq.,* Fla. Stat. (1981) ("FDUTPA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") in connection with the sale of my client's 1935 Bugatti Type 57 automobile (the "Bugatti") and my client's purchase of a 1973 Ferrari Daytona automobile (the "Ferrari") in which you acted or purported to act as my client's agent. In particular, after signing an agreement (which you drafted) agreeing to act as my client's sole and exclusive agent in connection with the foregoing transactions, you represented to my client that you had sold the Bugatti for $750,000 and purchased the Ferrari for the exact same price, $750,000. You also requested a $50,000 commission on these transactions: $25,000 for the sale of the Bugatti and $25,000 for the purchase of the Ferrari.

    The problem is that your representations to my client about both the sale of the Bugatti and the purchase of the Ferrari were patently and provably false. According to documents recently obtained by my client, the sale price of the Bugatti was not $750,000, but $1,500,000—double the price you represented to my client that you received for it. Similarly, the Ferrari was not purchased for $750,000, as you falsely represented to my client, but for $575,000. It is also clear that the $750,000 Ferrari invoice that you presented to my client from Rick Cole Auctions had been doctored and falsified. You further cemented your fraud by repeating these same misrepresentations, and adding further misrepresentations, in a November 11, 2021 email that you wrote to Mr. Birkenfeld, copying Dr. Florian Lechner. In particular, among other things:

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 2

- You reiterated that the "total value of the transaction" (for purposes of calculating your commission) was $1,500,000, comprising "two legs" of $750,000 each.
- You claimed that the only funds you received on either of the sales was a "small commission" on the sale of the Daytona.
- You claimed that you "negotiated a much lower price for the car than the owner originally wanted," but still perpetuated your lie that the "lower price" was in fact $750,000.
- You claimed that because you had not received other monies in connection with the sales, you were "reliant on the commission coming from you [Mr. Birkenfeld] for the income" you expected to make on the sales.

Thus, while falsely representing to my client that you were wholly "reliant on the commission coming from" him for your compensation on these sales, you in fact sold the Bugatti for $750,000 more than you disclosed to my client and you purchased the Ferrari for $175,000 less than you disclosed to my client—thus appropriating to yourself an apparent windfall of **_$925,000_** on the sale of the two vehicles, not to mention the $50,000 in commission that you asked my client to pay you in addition.

1. Notice of Unlawful Conduct

Please be advised that the aforementioned fraudulent conduct and representations give rise to numerous civil and criminal violations of the laws of the United States of America and the laws of the State of Florida. Among other things, your actions give rise to claims on behalf of my client for contractual breach, breach of fiduciary duty, common law fraud, FDUTPA violations and for RICO violations predicated on your use of email and other electronic means to perpetrate your fraud, in violation of 18 U.S.C. § 1343, the federal "wire fraud" statute. The extensive damages (both monetary and emotional) caused by this knowingly fraudulent and malicious conduct include not only the difference between the actual sales price of the two vehicles in question and the false price you presented to my client, as well as other consequential damages, but also the conduct at issue merits punitive damages under Florida law, as the conduct was not only "grossly negligent," but "intentional." *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1222 (Fla. 2016). In addition, the FDUTPA provides for my client to recoup his attorneys' fees and costs in any enforcement action against you and your company.

With respect to your contractual breaches, the agreement that you signed with my client, which you yourself drafted, provided that you and your company would act as my client's "agent." Among other things, you undertook to secure on behalf of my client the best possible "gross selling price" for the vehicle in question. You further promised to "promptly notify Principal [Mr. Birkenfeld] of any offer made for the purchase of the vehicle." Even setting aside your outright fraud, you broke both of these contractual terms by securing a much higher "gross selling price" for the vehicle, but concealing that from my client and instead pocketing the benefits for yourself.

FAYER GIPSON LLP

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 3

Additionally, you also claimed that there were certain "mechanical issues" with the Bugatti that required repair, and purported to invoice my client $9,850.00 for those repairs. First of all, you never informed my client or obtained his permission before making these putative repairs. Thus, your attempt to bill him for these putative repairs stands in violation of the express terms of clause 7 of the agency agreement, which requires you to "consult with the Principal before incurring any repair costs in excess of $500." Second of all, you expressly represented in the agency agreement that the Bugatti had "No Mechanical Issues" and "No Cosmetic Issues." Thus, your attempt to charge my client $9,850.00 for repairs that you expressly represented were not necessary is not only improper, but fraudulent.

Regarding your breaches of fiduciary duty, under Florida law, an agent is "[o]ne who is authorized to act for or in place of another." *Ramirez v. State*, 125 So. 3d 171, 176 (Fla. 4th DCA 2013); *accord Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 783 (Fla. 1998). The Florida Supreme Court has instructed that "[w]here the relation of principal and agent exists, ***the utmost good faith*** is exacted in all of the transactions of the agent towards his principal in all matters connected with the subject of the employment." *Van Woy v. Willis*, 14 So. 2d 185, 189 (Fla. 1943) (emphasis added). Indeed, *Boswell v. Cunningham*, 13 So. 354 (Fla. 1893), discussed in *Van Woy*, explained that this duty is violated where an agent, who was employed to purchase real property on behalf of a principal, represented to the principal that he had purchased the property at a higher price than he ultimately negotiated, and then pocketed the difference for himself, just as you have done here.

This same blatant conduct also constitutes common law fraud. *See Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010) ("The elements that must be established to prove a claim of fraud are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation.") (internal quotations omitted). Indeed, your conduct involves both affirmative misrepresentations and the fraudulent concealment of material facts—namely, the true sales price of the vehicles in question. As explained above, such willful and intentional conduct gives rise not only to consequential damages stemming from your fraudulent acts and misrepresentations, but also to punitive damages.

This same deceptive and fraudulent conduct also gives rise to violations of Florida's Deceptive and Unfair Trade Practices Act, § 501.201 *et. seq.,* Fla. Stat. (1981). *See Harrison v. Lee Auto Holdings, Inc.*, 295 So. 3d 857, 864 (Fla. 1st DCA 2020) (consumer stated claim under FDUTPA where auto dealer failed to disclose that it was retaining a portion of an "electronic filing fee" for its own benefit). Notably, the FDUTPA provides for the prevailing plaintiff to obtain his or her attorneys' fees and costs incurred in bringing an enforcement action against an individual or company who engages in deceptive or unfair trade practices. § 501.2105, Fla. Stat. (1981).

Your blatant conduct is also actionable under the federal anti-racketeering, or "R.I.C.O." statute, which prohibits unlawful and criminal conduct that is undertaken in concert with other actors. 18 U.S.C. §§ 1961-1968. It is well-established that violations of the federal wire fraud

FAYER GIPSON LLP

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 4

statute, 18 U.S.C. § 1343, may serve as predicate acts for purposes of the R.I.C.O. statute. You clearly violated 18 U.S.C. § 1343 here by using interstate wires, including via email and the internet, in furtherance of your perpetration of fraud against my client. Moreover, your conduct was clearly undertaken in concert with other actors, including Toby Ross and Ross Classic (for whom you also requested a commission on the fraudulent sales), not to mention your own company, Milestone Motorcars, LLC.

In light of and based upon the foregoing, Mr. Birkenfeld hereby demands that you immediately take the following actions to redress your serious, fraudulent and criminal conduct outlined above:

(1) Pay Mr. Birkenfeld the full actual sales price of the Bugatti of $1,500,000.00;
(2) Rescind the sale of the Ferrari to Mr. Birkenfeld in its entirety, which was predicated on fraud; and
(3) Disclaim any entitlement to commission from Mr. Birkenfeld on either of these fraudulent transactions, as well as any entitlement to the $9,850 that you improperly invoiced Mr. Birkenfeld for unauthorized repairs on the Bugatti.

If you do not respond by 9 p.m. EST on Tuesday, November 23, 2021 and confirm your agreement to the foregoing terms, Mr. Birkenfeld will proceed to take all necessary and appropriate actions to protect his rights and interests, including but not limited to preparing and filing a civil action in federal court asserting the above-referenced claims (and any other claims to which he may be entitled).

2. Notice of Duty to Preserve Evidence

Per the above, you are now on notice of my client's claims and potential claims against you for breach of contract, breach of fiduciary duty, common law fraud and violations of the Florida deceptive trade practices act and the federal anti-racketeering statute based on the conduct set forth above. Accordingly, please be advised that, under federal and Florida law, you have ***a present and ongoing legal duty to preserve, retain and protect***, not only evidence you consider relevant, but ***all possibly relevant evidence***, in connection with the above-referenced matters. This duty includes a legal duty to preserve, retain and protect all possibly relevant evidence ***regardless of format, including electronic evidence***. This duty applies even prior to commencement of litigation, and is now in currently in effect. Please be advised that the failure to preserve and retain the physical and electronic data outlined in this notice may constitute spoliation of evidence and may subject you to evidentiary and/or monetary sanctions. The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Because of its format, electronic information is easily deleted, modified, or corrupted. Accordingly, you must take every reasonable step to preserve this information during the pendency of the above-referenced dispute. This includes, but is not limited to, an obligation to discontinue all relevant data destruction and backup tape recycling policies and practices.

FAYER GIPSON LLP

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 5

      For purposes of this notice, the terms "document" or "documents" are used in the broadest sense possible and include any form of writing or communication, including electronic writings or communications, and all other tangible things that come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.  The term "electronic writings or communications" shall include, but not be limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage, header information, and deleted files), Internet history files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and all file fragments and backup files containing electronic data, including all metadata associated with any of the foregoing.

      Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any documents relating to the above-referenced dispute, and are further instructed to take reasonable efforts to preserve such documents.  To meet this burden, you are instructed to preserve and retain all documents, including electronic writings or communications, in any format, media, or location relating to any potential claim, counterclaim, cross-claim, or affirmative defense that may be asserted in this dispute, including data on hard drives, disk drives, Zip disks, CD-ROMs, CD-RWs, tape, PDAs, cell phones, memory cards/sticks, facsimile machines or digital copiers.  By way of example, and without limitation, you are instructed to preserve and retain:

- All documents and communications relating to Mr. Birkenfeld;
- All invoices concerning any sale or purchase of the Bugatti;
- All documents and communications relating to the Bugatti, including but not limited to all documents relating to the purchase or sale thereof, or any offers for the purchase or sale thereof regardless of time;
- All invoices concerning any sale or purchase of the Ferrari;
- All documents and communications relating to the Ferrari, including but not limited to all documents relating to the purchase or sale thereof, or any offers for the purchase or sale thereof regardless of time;
- All documents and communications relating to Toby Ross, including but not limited to all documents and communications relating to the Bugatti, and all documents and communications relating to other fraudulent transactions involving Mr. Ross;
- All documents and communications relating to Ross Classic, including but not limited to all documents and communications relating to the Bugatti, and all documents and communications relating to other fraudulent transactions involving Ross Classic;

FAYER GIPSON LLP

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 6

- All documents and communications with Blackhawk Collection Inc. relating to the Bugatti;

- All documents and communications with Brian Murphy relating to the Bugatti;

- All documents and communications with Rick Cole Auctions relating to the Ferrari;

- All documents and communications with Rick Cole relating to the Ferrari;

- Documents concerning the identity of Milestone Motorcars LLC's owners, members, officers and employees;

- All documents and communications relating to the above-referenced claims and potential claims by Mr. Birkenfeld against you;

- All documents and communications relating to your purported defenses to the above-referenced claims and potential claims by Mr. Birkenfeld against you;

- All phones, computers, and/or hard drives that may contain information relevant to the above-reference claims and potential claims; and

- All phones, computers, and/or hard drives that may contain information relevant to your defenses against the above-reference claims and potential claims.

  You are further instructed to prevent any deletion or overwriting (including through automated processes) of any electronic writings or communications related to the above-referenced matters (please note that such deletions can be discovered using forensic techniques), and to take reasonable security measures—including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly related to the dispute—to ensure that evidence is not spoliated.  You are further instructed to prevent any of your agents, representatives, accountants, relatives or other parties with which you are in contact to preserve the above-referenced categories of information.

  If for any reason any of the evidence or categories of evidence referenced in this letter have already been destroyed, expunged, deleted or otherwise disposed of by your clients, please let us know immediately and please be advised that you have a duty to take any steps necessary or practicable to ensure the recovery of any spoliated evidence.  If this correspondence is in any respect unclear, please feel free to contact me for clarification.  In the meantime, we anticipate and appreciate your full cooperation.

*   *   *   *   *

  We regret the circumstances that have led to the necessity of writing this letter.  Nevertheless, you are now on express notice of the above-referenced contractual violations and tortious and criminal conduct, as well as of your duty to preserve evidence in connection with the above-referenced matters.  We anticipate and expect your full cooperation in addressing these

FAYER GIPSON LLP

Mr. Thomas E. "Ted" Johnson
Milestone Motorcars LLC
November 22, 2021
Page 7

matters. In that regard, we again reiterate our demand that you take the steps outlined above to redress your unlawful conduct—including by: (1) paying to Mr. Birkenfeld of the full actual sales price of the Bugatti (*viz.*, $1,500,000.00); (2) rescinding the fraudulent sale of the Ferrari to Mr. Birkenfeld; and (3) disclaiming any entitlement to commission on those transactions. We further reiterate that, absent confirmation of your agreement to these terms no later than 9 p.m. EST on Tuesday, November 23, 2021, Mr. Birkenfeld will proceed to take all necessary and appropriate steps to protect his interests, including by preparing and filing a civil action in federal court.

      Please be advised that this letter is not intended as a complete statement of the facts or the law, or of your obligations or those of any other entities or persons, or the rights of my clients, all of which are expressly reserved. If you are currently represented by legal counsel in this matter, please forward this letter to your counsel and have them inform me immediately, and I will direct any and all further communications to your legal counsel. If you would like to discuss these matters directly, you can contact me by email or by telephone at (310) 770-8177.

                                                                          Very truly yours,

                                                                               //s//

                                                                      Gregory A. Fayer

GAF/mpj