UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:22-cv-80120-RAR

RESTLESS MEDIA GMBH

        Plaintiff,

v.

THOMAS E. "TED" JOHNSON,
MILESTONE MOTORCARS SALES LLC,
MILESTONE MOTORCARS LLC,
RICHARD COLE, RICK COLE AUCTIONS, INC.,
DONALD E. WILLIAMS, THE BLACKHAWK
COLLECTION, and DOES 1-100 inclusive,

        Defendants.
_____/

**DEFENDANTS DONALD E. WILLIAMS' AND THE BLACKHAWK COLLECTION'S MOTION TO DISMISS AND MEMORANDUM OF LAW**

Defendants, Donald E. Williams ("Williams") and The Blackhawk Collection ("Blackhawk") (collectively, the "Williams Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure, respectfully move this Court to dismiss the Complaint filed by Plaintiff, RESTLESS MEDIA GMBH, ("Plaintiff" or "Restless") and in support thereof, state as follows:

### I. INTRODUCTION

1. On January 24, 2022, Plaintiff filed its Complaint [DE 1] and asserted the following causes of action against Williams and Blackhawk: Count 4 (Aiding and Abetting Breach of Fiduciary Duty); Count 7 (Civil Conspiracy); Count 8 (Violation of Racketeer Influenced and Corrupt Organizes Act, 18 U.S.C. § 1962); and Count 9 (Declaratory Relief, Fla. Stat. §86 et seq.); and Count 10 (Unjust Enrichment).

1

2. For the reasons set forth below, all counts against Williams and Blackhawk should be dismissed.

## II. STANDARD OF LAW

3. In order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading is not sufficient if it merely offers "labels and conclusions" or "if it tenders naked assertion[s] devoid of further factual enhancement." Id (internal quotation marks and citations omitted). The Eleventh Circuit explained that a court, when considering a motion to dismiss, should adopt a two-pronged approach: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir.2010) (internal quotations and citations omitted). In re Harris, 458 B.R. 591, 595 (Bankr. N.D. Fla. 2011)

## III. ARGUMENT

**A. Plaintiff's Shotgun-Style Pleading Must be Dismissed.**

4. Plaintiff's forty-four (44) page and 175 paragraph Complaint [D.E.1] is a shotgun pleading. The Plaintiff's Complaint re-alleges all preceding counts, is conclusory, and asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

5. The pleading standard set out in the Federal Rules is clear: a complaint must contain a "_short and plain_ statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2) (emphasis added). A statement of the claim is sufficient if it provides a "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema NA.,* 534 U.S. 506, 512 (2002). A shotgun pleading "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's* Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

6.  There are four types of "shotgun pleadings." A complaint is a "shotgun pleading" if it: (1) "re-alleges all preceding counts," (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) does not "separate into a different count each cause of action or claim for relief," or (4) asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321-23 (internal citations omitted). "Shotgun" complaints in this circuit are subject to dismissal. *See* Id. at 1324 *and see Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1360 (11th Cir. 2018) ("[F]iling a shotgun pleading is grounds for dismissal in this Circuit.").

7.  Additionally, the factual allegations are repetitive, disorganized, and barely, if at all, comprehensible. Even accepting the allegations as true, Plaintiff's theory is untenable—it defies logic to suggest that the Williams Defendants would conspire and engage in surreptitious "fraudulent and self-interested transactions involving the sale of the Bugatti [57322] and the purchase of the Cole Ferrari" and to suggest that the Williams Defendants have been unjustly enriched simply because they purchased a vehicle and sold it for a profit. [D.E. 1, ¶ 168].

**B. Plaintiff's Complaint Improperly Re-Alleges All Preceding Counts and Must Be Dismissed.**

8.  Five (5) of the eleven (11) counts in the Complaint are asserted against the Williams Defendants - . The remaining counts are against the other Co-Defendants as follows: Count 1 –

Fraud against the Johnson Defendants; Count 2 – Breach of Contract against the Johnson Defendants; Count 3 – Breach of Fiduciary Duty against the Johnson Defendants; Count 5 – Violation of Florida's Deceptive and Unfair Trade Practices Act against the Johnson Defendants; Count 6 – Violation of the Texas Deceptive Trade Practices Act against the Cole Defendants; and Count 11 – Money Had and Received against the Johnson Defendants.

9. Despite this, Plaintiff begins each count against the Williams Defendants by repeating and realleging each paragraph preceding the count regardless of whether the preceding paragraphs, allegations, and claims are against the Williams Defendants. [D.E. 1, ¶¶ 107, 133, 139, 161, 166] ("Plaintiff repeats and realleges the allegations made in paragraphs 1 through 106 as if fully set forth herein," D.E. 1, ¶ 107; "Plaintiff repeats and realleges the allegations made in paragraphs 1 through 132 as if fully set forth herein," D.E. 1, ¶ 133; "Plaintiff repeats and realleges the allegations made in paragraphs 1 through 138 as if fully set forth herein," D.E. 1, ¶ 139; "Plaintiff repeats and realleges the allegations made in paragraphs 1 through 160 as if fully set forth herein," D.E. 1, ¶ 161; and "Plaintiff repeats and realleges the allegations made in paragraphs 1 through 165 as if fully set forth herein," D.E. 1, ¶ 166).

10. Plaintiff's incorporation of the "allegations of any count or counts that precede[d] it" is considered a shotgun pleading in violation of Federal Rules of Civil Procedure 8(a)(2) and Rule 10(b). *Weiland*, 792 F.3d at 1324 *citing Magluta v. Samples*, 256 F.3d 1282, 1284. The Eleventh Circuit, has "condemned the incorporation of preceding paragraphs where a complaint 'contains several counts, each one incorporating by reference the allegations of its predecessors . . . leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions." *Id*. (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). As such, sanctions, including dismissal, should be imposed upon

4

the Plaintiff and its counsel. *Jackson*, 898 F.3d at 1360.

### C. Plaintiff's Complaint Improperly Asserts Multiple Claims Against Multiple Defendants Without Specifying Each Defendant's Actions or Omissions and Must be Dismissed.

11.  While Count 8 –RICO Violation is titled as a count against all Defendants, it is very unclear and ambiguous which defendants are responsible for which acts or omissions within each count. The Plaintiff repeatedly conflates the Co-Defendants and Williams Defendants as the parties who "transmitted or caused to be transmitted falsified invoices for the transactions at issue – including the Fraudulent Invoice for the sale of the Cole Ferrari," [D.E. 1, ¶ 152]; as the parties who "made transmissions via wire to materially mislead Plaintiff by failing to disclose facts that they – as Plaintiff's agents – were under a duty to disclose, namely that the Cole Ferrari that they purchased was not the Platinum Ferrari that Mr. Birkenfeld authorized the Johnson Defendants to attempt to procure . . . . ," [D.E. 1, ¶ 152]; as the parties whose "shared objective was and is to defraud Mr. Birkenfeld . . . and retain the profits from the sale of the Bugatti and the purchase of the Cole Ferrari for their own benefit," [D.E. 1, ¶ 153]; and as the parties who "unlawfully retained funds from the sale of the Bugatti that belonged to Mr. Birkenfeld," [D.E. 1, ¶ 155].

12.  In addition to the conflated and false allegations in Count 8, the most blatant issue is that the Williams Defendants had nothing to do with the purchase of the Cole Ferrari. Plaintiff does not allege anywhere in the Complaint any facts, acts, or events explicitly linking the Williams Defendants to the purchase of the Cole Ferrari because the Plaintiff is unable to do so. Instead, the Plaintiff supports its preposterous RICO violation allegation against the Williams Defendants by egregiously using the catch-all term "Defendants" throughout Count 8. Using the term "Defendants" throughout Count 8 is the Plaintiff's weak attempt to entangle the Williams Defendants in the RICO violation claim.

13. Using the term "Defendants" throughout Count 8 against multiple defendants without specifying which of the defendants is responsible for certain acts or omissions lands squarely within the meaning of a "shotgun pleading". As such, Plaintiff and its counsel are subject to monetary sanctions and Plaintiff's Complaint is subject to dismissal.

**D. Plaintiff's Allegations Against the Williams Defendants in All Counts are Conclusory and Fail to State a Claim Against the Williams Defendants.**

14. It is evident that the Plaintiff's Complaint is "replete with conclusory, vague, and immaterial facts" and as such, the Plaintiff and its counsel should be subjected to monetary sanctions and the Complaint should be dismissed.

   *i.    Count 4- Aiding and Abetting a Breach of Fiduciary Duty*

15. A claim for aiding and abetting a breach of fiduciary duty requires: (1) a fiduciary duty on the part of the primary wrongdoer; (2) a breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; *and* (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing. *Bruhl v. Price Waterhousecoopers Intern.*, 257 F.R.D. 684, 698 (S.D. Fla. 2008). A substantial assistance in the breach of fiduciary duty "occurs when a defendant affirmatively assists, helps conceal, or fails to act when required to do so, thereby enabling the breach to occur. *Gevaerts v. TD Bank, N.A.*, 56 F. Supp. 3d 1335, 1342 *citing Lesti v. Wells Fargo Bank, N.A.*, 960 F. Supp. 2d 1311, 1325 (M.D. Fla. 2013). Plaintiff fails to meet these basic requirements in attempting to plead its claim against the Williams Defendants.

16. In Count 4, Aiding and Abetting Breach of Fiduciary Duty, Plaintiff alleges that the Johnson Defendants owed the Plaintiff a fiduciary duty and that there was a breach of that fiduciary duty when the Bugatti 57322 was sold without proper title. However, Plaintiff fails to allege, with particularity, when, how, and what the Williams Defendants knew about the Johnson Defendants' alleged breach in order to have abetted the Johnson Defendants' alleged breach of

fiduciary duty. [D.E. 1, ¶¶ 108-09]. Plaintiff also fails to allege how the Williams Defendants substantially assisted and encouraged the wrongdoing. Therefore, Count 4 must be dismissed.

### ii.   Count 7- Civil Conspiracy

17.   The elements of a civil conspiracy are "(a) a conspiracy between two or more parties; (b) to do an unlawful act by unlawful means; (c) the doing of some overt act in furtherance of the conspiracy; and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy." *Hercules Capital, Inc. v. Gittleman*, 2018 WL 395489, 24 (SD Fla. Jan. 2018) *citing Walters v. Blakenship*, 931 So. 2d 137, 140. "A cause of action for civil conspiracy should allege the scope of the conspiracy, its participants, and when the agreement was entered into." *In re: Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, 690 F.Supp.2d 1296, 1311 (SD Fla. Feb. 2010) *citing Sinaltrainal v. Coca-Cola Co.*, 573 F.3d 1252, 1268 (11th Cir. 2009) (abrogated on other grounds). Moreover, when a complaint for civil conspiracy is of a general nature and is conclusory and vague, it should be "justifiably dismissed." *In re: Chiquita*, 690 F.Supp.2d at 1311.

18.   Plaintiff's Count for Civil Conspiracy should be dismissed because the allegations are conclusory and vague. Plaintiff alleges that the Williams Defendants participated in a common scheme to defraud the Plaintiff via the sale of the Bugatti 57322 and their purchase of a vehicle from the Cole Defendants. [D.E. 1, ¶ 135]. Plaintiff does not allege how the Williams Defendants are related to the Plaintiff's purchase of the Ferrari and to the common scheme or where, when, or how they participated in a civil conspiracy. Furthermore, Plaintiff has failed to properly allege that the Williams Defendants committed any unlawful acts by unlawful means at all, let alone that the Williams Defendants participated in a civil conspiracy to do so. Therefore, Count 7 must be dismissed.

> ***iii.    Count 8- Violation of Racketeer Influenced and Corrupt Organizes Act, 18 U.S.C. § 1962 (RICO)***

19.     Plaintiff's most egregious count against the Williams Defendants is Count 8 – Violation of the RICO Act [D.E. 1, pages 35-40]. Plaintiff's theory that the Williams Defendants engaged in an alleged RICO enterprise with the Co-Defendants is conclusory and lacks factual support.

20.     The Civil RICO statute, 18 U.S.C. § 196I), prohibits the operation of a RICO enterprise. The four basic elements of a civil RICO claim are: "(1) a violation of Section 1962 of the RICO laws; (2) injury to his or her business or property; and (3) a causal connection between the racketeering activity and the injury." *SE Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F.Supp.2d 1270 (S.D. Fla. July 2009)

21.     The first element of a civil RICO Claim requires Plaintiff to adequately plead a violation of 18 U.S.C. § 1962(c) by alleging that "(1) the conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity (5) [is] the proximate cause of the injury to plaintiff's business or person." *Id*. Plaintiff fails to allege even the very first required element of a civil RICO claim and, therefore, its claim against the Williams Defendants must be dismissed on this basis alone.

22.     A pattern of racketeering activity is a series of predicate acts over a substantial amount of time. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). The Complaint makes vague, conclusory statements that Defendants have known each other for years, but the only predicate acts focus on the sale of the Bugatti 57322 and the purchase of the Cole Ferrari, which both took place over the course of a few months. Such few predicate acts, over such a brief period of time, with little-to-no proof, cannot sustain a Civil RICO cause of action, and do not satisfy the "ongoing pattern of racketeering" element.

23. RICO also requires Plaintiff to identify a culpable person who actually violated the RICO statute. RICO defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). While the Complaint alleges each Defendant violated the RICO statute, again, it does not provide any facts as to the Williams Defendants' violation of the RICO statute and therefore, the Williams Defendants cannot be a culpable party.

24. All the Complaint really alleges is that Defendants have known each other for years, have done business on and off during that time, and therefore must have all conspired together to swindle the Plaintiff. This is pure speculation. The only specific facts pled as to the Williams Defendants is that Blackhawk bought and sold the Bugatti 57322 and did business with the Johnson and Cole Defendants over the years. The Williams Defendants were not involved with the Cole Ferrari transaction (where most of the alleged "bad acts" occurred) in any manner, which is why Plaintiff has been unable to plead specific facts to support its claim against them.

25. Moreover, RICO requires that a plaintiff show that each defendant possessed the requisite mental state; in other words, that a defendant intended to engage in the predicate acts with the actual knowledge that the conduct was illegal. *See, e.g., Walters v. McMahen*, 684 F.3d 435, 440–4[1] (4th Cir. 2012); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1293 (11th Cir. 2010). The Complaint does not contain any allegations of specific facts showing the Williams Defendants' knowledge that the purchase and sale of the Bugatti 57322 was allegedly illegal, and therefore Plaintiff fails to plead that the Williams Defendants had the requisite intent necessary to sustain a RICO claim.

26. Additionally, the Complaint alleges mail and wire fraud, [D.E. 1, ¶ 151-52], as well as interstate transportation of stolen motor vehicles and interstate transportation of stolen property [D.E. 1, ¶ 156], as the underlying racketeering activity. Both mail and wire fraud require intent by

9

a defendant. *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir. 1991). The Complaint does not allege any facts, beyond conclusory statements, that the Williams Defendants participated in, or knew of, the alleged fraud and other bad acts. The Plaintiff only alleges that the Williams Defendants purchased the Bugatti 57322 from the Johnson Defendants, and then sold it. No more, no less. This fails to meet the required pleading standard.

27. Similarly, the causes of action for interstate transportation of stolen motor vehicles and interstate transportation of stolen property require knowledge that the motor vehicle/property was stolen. The Plaintiff has failed to plead any facts to support that the Williams Defendants had the requisite knowledge. *See* 18 U.S. Code §§ 2312 and 2314.

28. Importantly, allegations of mail and wire fraud are subject to the particularity and specificity requirements of the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Plaintiff fails to meet these heightened pleading requirements, and fails to meet even the most basic, minimum requirements of pleading.

29. Plaintiff cannot support its farcical allegations against the Williams Defendants as is evident by the lack of facts supporting its claim. Plaintiff simply recites the elements required for a RICO claim and asserts that the Co-Defendants participated in conduct that makes them guilty of a RICO violation, which does not satisfy the requisite pleading standard. Consequently, the Williams Defendants should not be a party to this lawsuit, and this count must be dismissed.

    iv. ***Count 9- Declaratory Relief Fla. Stat. § 86 et seq. Action***

30. First, Plaintiff's claim for declaratory relief must be dismissed because it improperly attempts to state a claim under Fla. Stat. **§ 86 *et seq.*, when the law is clear that the federal Declaratory Judgment Act, 28 U.S.C. § 2201 applies in matters where subject matter**

**jurisdiction is based on diversity, as in this case.** As set forth in *Ministerio Evangelistico Int'l v. United Specialty Ins. Co.,* No. 16-25313-CIV, 2017 WL 1363344, at *1 (S.D. Fla. Apr. 5, 2017):

> **This Court has subject matter jurisdiction based on the parties' diversity of citizenship. In a diversity case, federal courts apply federal law to procedural matters and apply the law of the forum state to substantive matters.** *See Coccaro v. GEICO Gen. Ins. Co.*, 648 Fed.Appx. 876, 880 (11th Cir. 2016) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantiverights. *Id.* **Because declaratory relief presents a procedural issue, this Court construes Ministerio's claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.** *Id.*

31. Furthermore, pursuant to *Ministerio*, Plaintiff's declaratory judgment claim is vague, duplicative of its breach of contract and fraud claims because it involves the same factual dispute. It is clear that the Plaintiff will be able to secure full, adequate and complete relief in the event it is entitled to do so pursuant to its breach of contract and fraud claims; therefore, a declaratory judgment action is completely inappropriate under the facts pled.

32. In fact, the Southern District of Florida in *Ministerio* specifically held that "**a petition seeking a declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract**. The Southern District's reasoning is set forth below:

> **United argues that the declaratory relief claim should be dismissed for three reasons: (1) it is duplicative and will be resolved by the breach of contract claim; (2) it is vague and fails to allege a present need for a declaration;** and (3) it is improper because it seeks a declaration regarding the amount of damages and not whether there is coverage. . .
>
> Ministerio's breach of contract claim alleges that United "breached the contract by failing to fully cover and pay for the damage and/or loss to [Ministerio]'s property." The declaratory relief claim asks this Court to "determine and declare [Ministerio]'s and [United]'s rights, duties and

11

obligations with respect to the losses, costs or expenses incurred as the result of the subject loss under the terms, provisions, conditions and endorsements of the subject policy."

A determination of the breach of contract claim involves the same actual dispute as the declaratory relief claim, namely, to what extent the water damage is covered by the insurance policy. **In other words, Ministerio will be able to secure full, adequate and complete relief through the breach of contract claim. "A petition seeking a declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract."** *Eisenberg*, 2009 U.S. Dist. LEXIS 99663, at *6, 2009 WL 3667086. Therefore, Ministerio's declaratory action should be dismissed.

33. By requesting a declaration with respect to the losses, costs or expenses incurred as a result of its breach of contract action, Plaintiff is effectively seeking a judgment concerning the amount of damages—relief already fully accessible to Plaintiff under its breach of contract claim. See *Berkower v. USAA Cas. Ins.*, No. 15-23947, 2016 U.S. Dist. LEXIS 118223, at *13-14, 2016 WL 4574919 (S.D. Fla. Sept. 1, 2016) (dismissing similar declaratory relief claim as duplicative of breach of contract claim).

34. In addition, as previously set forth above, Plaintiff has failed to properly allege any causes of action against the Williams Defendant because there are no facts stated to support any of these allegations and Plaintiff's statements are all conclusory. Therefore, Plaintiff cannot state a cause of action for declaratory relief, as Plaintiff has pled no factual basis to assert the elements of a declaratory judgment claim: namely, that there is a bona fide, actual, and present need for the declaration, and this count must be dismissed. Consequently, Plaintiff's declaratory judgment action must be dismissed.

    *v.*    ***Count 10- Unjust Enrichment***

35. Under Florida law, a Complaint including a claim of unjust enrichment must allege

that: (1) the "plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for defendant to retain the benefit without paying the value thereof to the plaintiff." *Hyundai Motor America Corporation v. North American Automotive Services, Inc.*, 2021 WL 7083014, 12 (S.D. Fla. May 2021) *citing Hillman Const. Corp. v. Wainer,* 636 So. 2d 576, 577 (Fl<sup>a.</sup> 4th DCA 1994). "To prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Hyundai*, 2021 WL 7083014 at 12 *citing Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017).

36.     Plaintiff alleges in Paragraph 168 of the Complaint that the Defendants "surreptitiously entered into a series of fraudulent and self-interested transactions involving the sale of the Bugatti [57322] and the purchase of the Cole Ferrari. Defendants have been unjustly enriched through their acceptance and retention of the benefit conferred by Plaintiff." To support this allegation, Plaintiff alleges that Plaintiff is owed monies upwards of a million dollars as a result of the sale of the Bugatti 57322 and the purchase of the Cole Ferrari. However, Plaintiff fails to allege how and why the Williams Defendants engaged in the unjust enrichment and how the Williams Defendants are connected to the purchase of the Cole Ferrari. Plaintiff cannot meet the first element required for an unjust enrichment claim. Plaintiff simply concludes that the Williams Defendants are involved, have been unjustly enriched, and are somehow connected to the purchase of the Cole Ferrari.

**E.  Plaintiff Does Not Have Standing to Bring this Lawsuit because Plaintiff fails to attach the Purported Assignment to the Complaint**

37.     To establish subject matter jurisdiction, a plaintiff must allege he or she has standing, which consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. For the injury to be "concrete," it must be "real," and not "abstract;" however it need not be "tangible." *Spokeo*, 136 S. Ct. at 1548–49 (quotation marks and citations omitted). *MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, No. 20-20887-CIV, 2021 WL 720339 2 (S.D. Fla. Feb. 4, 2021).

38. Plaintiff alleges, "On or about December 28, 2021, for valid consideration, Mr. Birkenfeld transferred and assigned all of his rights and interest in the Bugatti and the Ferrari referenced in this Complaint, including any and all legal claims relating thereto, to Plaintiff. Mr. Birkenfeld previously transferred and assigned all of his rights and interest in three (3) other luxury vehicles to Plaintiff in March and April 2021, before the transactions at issue herein occurred or were contemplated."

39. Plaintiff never alleges whether the purported assignment was written or oral, and Plaintiff does not attach any assignment to the Complaint. If written, Plaintiff must attach the assignment to the Complaint to survive a motion to dismiss based on standing alone. If it was a verbal assignment, Plaintiff must indicate so and plead the terms of the verbal assignment.

40. In fact, the alleged basis for all of the claims asserted in the Complaint are non-party Mr. Birkenfeld's alleged interactions with Defendants. In addition, the Automobile Consignment Sales Agreement upon which the Complaint relies, attached to the Complaint as Exhibit "A", shows that it was between Milestone Motorcars Sales and Bradley C. Birkenfeld, not

between Milestone Motorcar Sales and Plaintiff. Without a proper assignment attached to the Complaint in which Mr. Birkenfeld, the party to the Agreement, assigns his claims to Plaintiff, a non-party to the Agreement, Mr. Birkenfeld, and not Plaintiff, is the proper party to bring this action.

41. Lastly, "In construing assignments, the court must determine (1) exactly what has been assigned to make certain that the plaintiff-assignee is the real party in interest, and (2) that a valid assignment has been made." *Univ. Creek Assocs., II, Ltd. v. Boston Am. Fin. Grp., Inc.*, 100 F. Supp. 2d 1337, 1339 (S.D. Fla. 1998)." Rodriguez v. Evanston Ins. Co., No. 1:21-CV-21774, 2022 WL 715194, at *3 (S.D. Fla. Mar. 9, 2022). Without Plaintiff attaching the assignment to the Complaint, there is no way for the Court to make the determinations as to whether the Plaintiff-purported assignee is the real party in interest, and whether a valid assignment of Mr. Birkenfeld's claims has been made.

### F. Personal Tort Claims Against the Williams Defendants Are Not Assignable; Therefore, the Complaint against the Williams Defendants Must be Dismissed

42. "Under Florida law, parties can assign causes of action derived from a contract or a statute. **In contrast, purely personal tort claims cannot be assigned**." *Aaron v. Allstate Ins. Co.*, 559 So. 2d 275, 276–77 (Fla. 5th DCA 1990). Plaintiff, the purported assignee of Mr. Birkenfeld's claims, has attempted to bring the following personal tort claims against the Williams Defendants: Count 4 (Aiding and Abetting Breach of Fiduciary Duty); Count 7 (Civil Conspiracy); and Count 10 (Unjust Enrichment). Therefore, as these claims are not assignable, they must be dismissed.

### IV.   CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants, Donald E. Williams and The Blackhawk Collection (collectively, the "Williams Defendants"), respectfully request that the

Court dismissed the Complaint against the Williams Defendants in its entirety, and reserve jurisdiction for an award of legal fees and costs in favor of the Blackhawk Defendants and grant such other relief as may be just and proper in favor of the Williams Defendants.

### REQUEST FOR HEARING

Pursuant to the Local Rules of the Southern District of Florida Rule 7.1(b)(6,) Defendants Donald Williams and The Blackhawk Collection request a forty-five (45)-minute hearing on their Motion to Dismiss and for Sanctions which would allow undersigned counsel to explain and clarify the factual background of the facts pertaining to the Williams Defendants participation in the sale of the Bugatti 57322, expedite the Court's understanding of the factual background, and allow inquiry regarding the allegations in the Complaint.

Date: July 1, 2022

Respectfully submitted,

/s/ Mitchell W. Mandler
Mitchell W. Mandler, Esq.
Florida Bar No. 289893
**SMGQ Law**
1200 Brickell Avenue, Suite 950
Miami, Florida 33131
Tel: (305) 377-1000
Primary:    mmandler@smgqlaw.com
Secondary:  xmiranda@smgqlaw.com
*Attorneys for Defendants, Donald E. Williams and The Blackhawk Collection*

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or professional se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized

to receive electronically Notices of Filings.

By: /s/ Mitchell W. Mandler
Mitchell W. Mandler, Esq.

**SERVICE LIST**

Barry A. Kamar, Esq.
bkamar@melandbudwick.com
Meland Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131
Tel.: 305-358-6363
*Attorneys for Plaintiff, Restless Media GMBH*

Debra D. Klingsberg, Esq.
dklingsberglaw@gmail.com
Law Offices of Debra D. Klingsberg
3950 NW 53 Street
Boca Raton, FL 33496
Tel.: 561-306-7684
*Attorney for Defendants Thomas Johnson,*
*Milestone Motorcars Sales LLC, and Milestone Motorcars LLC*

George W. Kramer, Esq.
gkramerlaw@gmail.com
16215 Cabernet Drive
Delray Beach, FL 33446
Tel.: 561-235-6199
*Attorney for Defendants Thomas Johnson,*
*Milestone Motorcars Sales LLC, and Milestone Motorcars LLC*