UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80120-RAR

**RESTLESS MEDIA GMBH**,

    Plaintiff,

v.

**THOMAS E. JOHNSON**, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** comes before the Court upon Defendants Donald E. Williams and The Blackhawk Collection's (the "Williams Defendants") Motion for Sanctions Under Rule 11 and 28 U.S.C. § 1927, [ECF No. 85] ("Motion").[1] Having considered the Williams Defendants' Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as follows.

Plaintiff Restless Media GmbH alleges the Williams Defendants, working in concert with the other named Defendants, engaged in a "coordinated scheme . . . to defraud Plaintiff and others in connection with the purchase and sale of certain vintage automobiles." *See, e.g.*, Am. Compl., [ECF No. 100] ¶ 1. The Williams Defendants moved to dismiss the initial Complaint on July 1, 2022. Mot. to Dismiss, [ECF No. 50]. The Williams Defendants filed the instant Motion after they filed their Motion to Dismiss but before the Court adjudicated that motion. *See generally* Mot. The Court ultimately granted in part and denied in part the Williams Defendants' Motion to Dismiss. *See generally* Order Granting in Part Defs.' Mots. to Dismiss, [ECF No. 99].

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for Sanctions, [ECF No. 88]; Reply to Pl.'s Resp. in Opp'n to Defs.' Mot. for Sanctions, [ECF No. 95].

The Williams Defendants move for sanctions under Federal Rule of Civil Procedure 11(c)[2] on three broad grounds: (1) Plaintiff's counsel did not conduct a sufficient pre-suit investigation; (2) Plaintiff's initial Complaint was a shotgun pleading; and (3) the Williams Defendants did not conduct any dishonest transactions and Plaintiff has failed to state a claim for relief.

Federal Rule of Civil Procedure 11(b)(3) provides that a party who presents a "pleading, written motion, or other paper" to a court certifies, among other things, that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). In order to meet the requirements of Rule 11(b), a party must conduct a "prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (citation omitted). A court may "impose an appropriate sanction on any attorney, law firm, or party" who has violated Rule 11(b). FED. R. CIV. P. 11(c).

While a court has discretion to award a sanction at any time, "in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation." *Clark*, 819 F.2d at 1555 (quoting Advisory Committee Note to Rule 11, 1983). The same is true when the allegedly sanctionable conduct is the institution of the action. *See, e.g.*, *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971, 2018 WL 624497, at *3 (S.D. Fla. Jan. 30, 2018). Furthermore, a motion for sanctions is not the appropriate vehicle for challenging the merits of a claim. *See id.* at *2; *see also Bigford v. BESM, Inc.*, No. 12-61215, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (noting that motions for sanctions should not include grounds that are

---

[2] While the Williams Defendants reference 28 U.S.C. § 1927 in the title and introduction of their Motion, they do not cite it further nor discuss the standard for awarding sanctions under this statute. *See* Mot. Therefore, the Court does not address 28 U.S.C. § 1927.

"more appropriately . . . disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits" (citation omitted)).

The Williams Defendants' Motion is moot, an inappropriate vehicle, and premature. First, to the extent the Williams Defendants move for the initial Complaint to be dismissed as a shotgun pleading, this relief has been granted, and Plaintiff has filed an Amended Complaint. *See* Order Granting in Part Defs.' Mots. to Dismiss at 11–13; *see generally* Am. Compl. Second, insofar as the Williams Defendants simply deny the allegations contained in the Complaint or argue Plaintiff has not stated a claim for relief, these contentions are more appropriate in an answer or dispositive motion. Finally, the Williams Defendants' argument that Plaintiff's counsel should be sanctioned for failure to conduct an adequate pre-suit investigation is premature. This argument largely restates the Williams Defendants' merit-based arguments, claiming that if Plaintiff's counsel had conducted a "minimum level of investigation" counsel would have discovered "the actual facts surrounding the circumstances" of the transaction. Mot. at 5. Because this argument is largely dependent on the merits of the case, the Court will not exercise its discretion to consider this premature argument at this stage. *Cf. Estrada v. FTS USA, LLC*, No. 14-23388, 2018 WL 3697491, at *2 (S.D. Fla. July 20, 2018) (noting the court stayed a motion for sanctions pending appeal), *report and recommendation adopted* 2018 WL 4777160 (S.D. Fla. Aug. 9, 2018).

Finally, in its Response, Plaintiff suggests the Court should instead sanction the Williams Defendants for filing the Motion because the Williams Defendants were allegedly aware Plaintiff conducted a sufficient pre-suit investigation. Resp. at 6–8. However, to determine whether conduct is sanctionable, a court must decide "whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous." *Worldwide Primates, Inc. v.*

*McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).  Because the Court finds it inappropriate to adjudicate whether Plaintiff conducted a sufficient pre-suit investigation, the Court also finds it premature to determine whether Defendants' remaining arguments in the Motion are objectively frivolous.[3]  The Court will therefore not award sanctions against the Williams Defendants at this time.  Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 85], is **DENIED** *without prejudice* to the parties' ability to move for sanctions at an appropriate time.

**DONE AND ORDERED** in Miami, Florida, this 9th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[3] Additionally, while the Motion is an improper vehicle for this argument, Defendants were ultimately correct the Complaint was a shotgun pleading subject to dismissal.